The Ch;ef Justice
delivered the opinion.
This was a bill filed by Yarnel against Lear to foreclose a mortgage upon a bouse ar.d lot in the town of Paris, given by Lear as a collateral security for the payment of $180, borrowed by him of Yarnel. and for which, with legal interest thereon, he executed his note to Yarnel, of the sama date of the mortgage.
Lear, in his answer, acknowledges he borrowed of Yar-nel the $130, admits the execution of .the .note and mortgage, says he has since conveyed the house and lot to one Jenkins, and owns that the loan was not at the legal rate of interest as expressed in the note and mortgage, .but at the rate of ten ,per cent, per annum, which he insists renders the note and mortgage void,, under the statute against usury, and he states, tbathe thinks, though he is not positive of the fact, that he executed to Yarnel a separate note for the usurious interest, and,calls upon Yarnel to produce the note. Yarnel responds that there was no such note given by Lear, and denies that there was any agreement for more than legal interest, but says that Lear made some propositions to pay at the rate of ten per cent and offered so to bind himself in the note, which Yarnel refused.
It is in proof, by several witnesses, that Yarnel, in conversation at different times and with different persons, after the execution of the note and mortgage, confessed that Lear was to pay him 10 or 12. per cent and it is plainly in-ferable from the evidence, that such were the terms of the original contract, upon which the money was lent. But *420 there is no evidence i ha’ any thing by way of security was taken/qr received by Yamrl a! the lime of (he cm-tract or st aov other time ; nor does ii appear lhal there any note or other written security given by Lear stipulating or the payment of usurious-interest.
If the «i-ginlendin* reservesmoie teresiC«io’"it ic b>-pan ¡, and a no’e & *ftevwa~dsbf give-WJw'hiih demand en¡v ⅞8 ⅛»⅛13 tract ⅛ rious & void the note and infe-Sd’wtth the original vice of the as it was they ⅝1«0 are vo d,n or do the^ i'roí*’* contract.0
The circuit court decreed a foreclosure of the mortgage and Lear has brought the case to this court by writ of error.
The main question is whether the note and mortgage are void under the statute against usury.
The statute forbids the taking, directly or indirectly, upon any contract, for the loan of any money, wares or merchandize, or oilier commodities, above the rate of six Psr cent> Per annum’ and declares that “ at! bonds, con- “ hrasts, covenants, conveyances or assurances, hereafter “ to be made for the payment of any mo ey or goods so to “ lent, on which a higher rate of interest is received or “ takenlban is hereby allowed, shall be utterly void.”— 2 Littell 45.
It is contended, on the part ofYarnel, as the contract Pa.v the usurious interest was merely verbal, it was merged in the written stipulations contained in the note and mortgage, and being inconsistent therewith, would not, independent of the statute, have been obligatory upon Lear, and as the note and mortgage stipulated for the payment of legal interest only, and nothing more was taken, it ",nl’erre(l that lkey are not whhia the operation of the Salute.
This argument, though it must be conceded to be plans‘kle» ⅛ not. we apprehend, sound. By the express words of the statute not only the bond or other written security, on which is reserved or taken a higher rate of in* terest than is allowed, is declared to be void, but the contract on which the bond or security is founded is illegal and void. Aüd if the contract be illegal and void, it would seem that the bond or other security, founded upon the contract and made for the purpose of effectuating it, must partake of its vice and be equally illegal and void ; for although the security may he void and the contract remain good, as bts been held to be the case of a security for money lent at play, under the statute of Ann against gaming. 2 Burr. 1077. We are aware of no case in which it has been adjudged that the contract may he void on the score of its illegality, and the security, founded upon such .contract, he valid. Nor can it be material that the security *421 ⅜⅜ taken for the principal and legal, interest only. If it were, (hen it would foilow that if one security was given for (he principal and legal interest, and another for tbe u-surv, the latter only would be void ; bu such is clearly not the case, for it is said to be immaterial whether the principal and usurious interest.be received by the same or different conveyances, for all writings whatsoever, for the strengthening of such a contract are void. Bac. Abr. Tit, Usury, letter F.
And it is accordingly held that if one security be made for tbe payment ofthe principal, and a different security is given for the interest, ihey are botb void. Ard. on usury, 97. If these principles be correct, it will result, that if tbe original contract, for (he loan in this case, was for a higher rate of interest than is allowed by the statute, it was Usurious and void, and that the note and mortgage notwithstanding they stipulate for the payment of legal interest only, are contaminated with the same vice and must be equally illegal and void.
It is true that the verbal contract would, independent ofthe statute, be merged in the written agreement, and being incoasisteot therewith, parol evidence would he inadmissible to prove it But if we are correct in supposing the written agreement to be void under tbe statute, in consequence ofthe illegality of tbe verbal contract, it is obvious that the latter cannot be merged in the former, for it is only in virtue of iis superior obligation that a written cen-trad has tbe effect of extinguishing the verbal contract, upon which it is founded, and of course when it has no obligation it can have no such effect. With respect to the admissabilitv of parol evidence to prove the contract there can be no doubt, for it is well settled, that any matter which shews tbat a security is void, on tbe ground of its ' being usurious, may bé avered and proven, however eon-f trary it may be to the terms of the security. It is indeed tconceded, on the part of Yaroel in this case, that if he ;had taken any thing at the time ofthe contract, the note band mortgage, not withstanding they stipulate for the pay-fpient of principal and legal ¡merest only, would have been proid, and (bat evidence of that fact would have been ad-¡pnissible, and this concession, we apprehend, proves the ijhilacy ofthe principle upon which tbe whole force ofthe Argument, in support ofthe validity of tbe note and roort-&8g«, rests; for it is not the taking ofthe usurious interest ¡¡¡⅜ *422 which per ee renders the contract or security void. T& have that effect it must, bv the terms of'the statute, bra ¡taking on the contract or security, and therefore if the cost' tract and security only stipulate for the payment of legal ¡interest, the taking of usurious interest afterwards will r.ot avoid them.
Talbot for compl’i. Bibb for defendant.
Non as the note and mortgage only .stipulate-for the pay* ¡meet oft he principal and legal interest, tbe taking of usurious interest, if there had been such taking, could not be said to be on them, and if they could be thereby renden 4 void, as is conceded, jt must be because tbe taking was oit the contract, and, to shew that the taking was on the contract, proof of the contract would have been necessary, and therefore competent.
The decree must be reversed with costs and the cause ¡¡remanded, that the bill may be dismissed with costs.